UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA



ARCHIE CRANFORD,

    Plaintiff,

v.

ROBIN RIORDON et al,

    Defendant.
_____/

Case Number: CV08-00046 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Archie Cranford CO 000537-1
Coalinga State Hospital
24511 West Jayne Avenue
P.O. Box 5003
Coalinga, CA 93210

Dated: January 16, 2008

                                  Richard W. Wieking, Clerk

                                  *Tracy Lucero*

                                By: Tracy Lucero, Deputy Clerk

**FILED**

JAN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | C 08-0046 MMC(PR) |
| Plaintiff, | **ORDER ADMINISTRATIVELY CLOSING CASE; DIRECTIONS TO CLERK** |
| vs. | |
| ROBIN RIORDAN, JENNIFER GAINES, | |
| Defendants. | |

On January 4, 2008, the instant action was opened when plaintiff, a California prisoner incarcerated at Coalinga State Hospital and proceeding pro se, filed a document titled "Case No. 07-1261-FMC (JTL) Appeal." The caption of the document identifies the "State of California Court of Appeal" as the presiding court. The text of the document reveals that plaintiff is attempting to appeal the dismissal of a civil rights action he filed in the United States District Court for the Central District of California, Cranford v. Riordan, No. C 07-1261-FMC-JTL. According to the court docket in that matter, judgment was entered on August 14, 2007, dismissing the action without prejudice. (See id. Docket No. 12.) On the proof of service attached to the document filed in this court, plaintiff writes he is sending the document to the "United States District Court Court of Appeal."

Accordingly, as the instant action was opened in error when plaintiff mistakenly sent to this court a document he apparently intended to file in the Ninth Circuit Court of Appeals, the Clerk of the Court is hereby DIRECTED to administratively close the case. If plaintiff

still seeks to appeal the dismissal of the action he filed in the Central District, he must follow the procedures set forth in the Federal Rules of Appellate Procedure for appealing from a judgment or order of a district court.

Because the instant action was opened in error, no filing fee is due.

IT IS SO ORDERED.

DATED:   JAN 1 6 2008

MAXINE M. CHESNEY
United States District Judge

ARCHIE CRANFORD
CO -000537-1
C.S.H.
24511 West Jayne Avenue
P.O. Box 5003
Coalinga, CA 93210

C 08 0046

STATE OF CALIFORNIA
COURT OF APPEAL

MMC

ARCHIE CRANFORD     Case No.07-1261-FMC (JTL)
 .V.
ROBIN RIORDON, Plaintiff     APPEAL
JENNIFER GAINES
          Defendants     (PR)

In august 15th 2007 usnited states magistrate judge florence marie cooper dismissed the plaintiffs complaint without prejudice. the plaintiff is not quite shure what is ment by prejudice but then the plaintiff is a laymen when it comes to legal matters however the plaintiff prays that this appeals court will take the plaintiffs lack of law into considerration and hear his side of the complaint. In march of 2007 the plaintiff was at atascadero state hospital on unit 23 and durring the noc shift the plaintiff was awakend by rill bad chest paines now the plaintiff has an histroy of hart problems as does his famly however on the night in question the plaintiff was awakend with chest paines to the point that he could barly move or breave it was al that he could do to get out of bed and leave his room and seek out bouth defendants of which should have beenatthere assigned job locations. As a resalt the plaintiff was forced to walk throughout the housing unit in an effort to locate them to atempt to get medical aide in the form of haveing them one or bouth take the plaintiffs vitals and call a doctor if need be as a resalt while in the process the plaintiff passed out and was lator was revived to dicover that his hart had stoped as a rezalt of too much straine on the hart mussel in short the plaintiff died of a hart a tack and was revived in the urgent care unit of atascadero stat hospital. The plaintiff is anS.V.P. at coalinga state hospital in the order to dismiss the plaintiffs claim thay sad that the plaintiff failed tostate a constitutional claim. The plaintif claim as a preliminary matter,plaintiffs consitutional claim challenging his medical care arises solely under the fourteenth amendment. see youngberg v. romeo, 457 U.S.307, 315 (1982) (involving a civilly committed mentally retarded indivdual) Hydrick v. Hunter,466 F. 3d 676, 696 ((th Cir 2006

PAGE    1

Witkins California Procedure And Practice (2006)

Chapter 48
Mental Competence, Mental Defenses, And Related Issues

§ 48.59D   D. Trial

(Contd)

**Procedural requirements.** Trial should occur within a reasonable time after the probable cause hearing. See Orozco v. Superior Court (2004) 117 CA4th 170, 179, [11 CR3d 573]. The alleged SVP has rights at the trial stage to trial by jury, the assistance of counsel, the right to retain experts, and access to all relevant medical and psychological records and reports. Welf & I C § 6603(a) The Civil Discovery Act (CCP §§2016-2036 (CCP §2016.010-2036.050, operative July 1, 2005)) applies to SVP proceedings, which are civil in nature. Leake v. Superior Court (2001) 87 CA4th 675, [104 CR2 76

> **Note:** Because SVP proceedings are "special proceedings of a civil nature", the rules in Part 2 of the Code of Civil Procedure (CCP §§-302-1062.50), pertaining to civil actions, are generally not applicable. Bagration v. Superior court (2003) 110 CA4th 1677, [3 CR3d 29 (motions for summary judgement (CCP §437c) not available in sexually violent predator proceedings).

(Witkins CPP §48.59D   D.trial, par. 1 & 2.)

## ABBREVIATIONS

| | |
|---|---|
| CCP | ((California) Code of Civil Procedure) |
| CPP | ((Witkins) California Procedure and Practice) |
| SVPA | (Sexually Violent Predator Act) |
| CA/Cal.App. | (California Appellate Reports) |
| CR/Cal.Rptr. | (California Reporter) |
| CSPH | (California State Prisoners Handbook) |
| pp. | (pages) |
| par. | (paragraph(s)) |
| Id. | (Identified) |
| U.S. | (United States Reports/reporter) |
| S.Ct. | (Supreme Court Reports/reporter) |

( OVER )

ABBREVIATIONS (Contd)

<u>pro se</u>       (representation of self)

(Contd)       (Continued)

---

Federal Court of Appeals

**Ninth Circuit Court of Appeals**
U.S. Court of Appeals Building
95 7th Street,
PO Box 193939
San Francisco, CA 94119

California State Prisoners Handbook (CSPH)
Third Edition: 2001

Chapter 15
Federal Civil Rights Actions And State Law Actions

§ 15.20
Defendents Response To The Complaint: Answer Or Motion For
Dismissal Or Summary Judgement..................................550

  As noted above, a defendent in a federal civil case has 20 days from the date the complaint and summons are actually served to file a responsive pleading. A defendent may respond to the complaint with either: (1) a motion to dismiss, (2) a motion for summary judgement, or (3) an Answer.

  Under the PLRA, a defendent may waive the right to reply; waiver shall not constitute an admission of the allegations in the complaint and no relief shall be granted unless a reply has been filed. A court may order the defendents to reply "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

  Motions to dismiss, typically brought pursuant to the Federal Rules of Civil Procedure, rule 12, raise the question of whether the complaint "states a claim for which relief can be granted," and test the legal sufficiency of the complaint. In deciding a motion to dismiss, the court must assume all the facts in the complaint are true. If, assuming all the facts are true, the plaintiff still would not be entitled to relief (because, for example, the facts do not show a deprivation of a federal right, as required in a § 1983 lawsuit), the complaint will be dismissed. Most such dismissals will be with leave to file an amended complaint; in pro se prisoner cases, the court when it dismisses for failure to state a claim must draft a few sentences and advise the plaintiff of the deficiencies of the complaint and allow an amendment unless it is absolutely clear that even an amended complaint could not cure the deficiency.

  In a motion for summary judgement, the moving party argues to the court that there is no dispute as to any material fact and that based on the undisputed facts they are entitled to win.172 When faced with such a motion, a plaintiff must either submit evidence showing that there are disputed facts, or if the facts really are undispted, the plaintiff must convince the court that the law does not entitle the defendent to win. In pro se prisoner cases, summary judgement may not be entered against the prisoner-plaintiff unless the prisoner has been notified by the court or the moving party that he or she has a duty to submit responsive evidence to defeat motion for summary judgement. If the attorney general files a motion for summary judgement early in the proceedings, the plaintiff should argue that the motion should be continued until the completion of discovery so that there is an opportunity to obtain responsive evidence, such as answers to interogatories. Prisoners should be aware that the vast majority of prison cases end with summary judgement, and a prisoner must attend to the case diligently and make a real factual showing in order to survive summary judgemen

( OVER )

California State Prisoners Handbook (CSPH)
Third Edition: 2001

Chapter 15
Federal Civil Rights Actions And State Law Actions

§ 15.20
Defendents Response To The Complaint: Answer Or Motion For
Dismiss Or Summary Judgement..................................550

(Contd)

     If the defendent does not file a motion to dismiss or motion for summary judgement, then the dfeendent usually files an "answer", which admits or denies each of the allegations of the complaint. Generally, all allegations will be denied; the answer will also set forth any defenses upon which the defendant will rely. If an answer is filed, it is the plaintiffs duty to bring the case to trial pursuant to the federal rules and local court rules.

(CSPH § 15.20, pp. 550-551.)


Footnote 172. See Federal Rules of Civil Procedure, rule 56; Anderson v. Liberty Lobby (1986) 477 U.S. 242, 251-252 [106 S.Ct. 2505; 91 L.Ed.2d 202]; Celotex Corp. v. Catrett (1986) 477 U.S. 317, 325 [106 S.Ct. 2548; 91 L.Ed.2d 265].


---

People v. Angulo (2005) 129 Cal.App.4th 1349 [30 Cal.Rptr.3d 189]

     "In Bagration v. Superior court (2003) 110 Cal.App.4th 1677 [3 Cal.Rptr.3d 292], the court held that civil summary judgement procedures are inconsistent with the requirement of proof beyond a reasonable doubt and the right to a unanimous verdict and therefore should not be applied in SVPA proceedings. ((Bagration) Id. at pp. 1688-1689, [3 Cal.Rptr.3d 292].)...."

((Angulo) Id. at 1365-1366, [30 Cal.Rptr.3d 189].)

---

Witkins California Procedure And Practice (2006)

Chapter 48
Mental Competence, Mental Defenses, And Related Issues

§ 48.59D  D. Trial


               ( OVER )



**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL   PERMIT NO. 12615   WASHINGTON DC

POSTAGE WILL BE PAID BY UNITED STATES COURTS

US DISTRICT COURT
450 GOLDEN GATE AVE
PO BOX 36060
SAN FRANCISCO CA 94102-9680



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES